IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/21/0202
Clerk, U.S. District Court
By: SND Deputy Clerk

MANDEEP SINGH,

Petitioner,

v.

MISTY MACKEY, Warden, Midwest Regional Reception Center; Field Office Director, Kansas City Office, ICE; TODD M. LYONS, Acting Director, ICE; MARKWAYNE MULLIN, Secretary, DHS; and TODD BLANCHE, Acting Attorney General,

Respondents.

Case No. 26-3256-JWL

## MEMORANDUM AND ORDER

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.[1]

Petitioner alleges that he entered the United States without authorization in 2022; that he was detained by immigration officials shortly thereafter, with removal proceedings initiated, but that he was then released under an Order of Release on Recognizance (OREC) issued pursuant to 8 U.S.C. § 1226; that he was re-detained by immigration officials on

[1] The Court also **denies** the motion by one attorney for petitioner to appear *pro hac vice* (Doc. # 6). The attorney did not respond to the Court's notice that his motion was deficient.

July 16, 2026; and that he is presently confined within this judicial district. On July 27, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

As his sole claim, petitioner contends that his re-detention without a prior hearing violated due process, and he seeks relief in the form of his release from custody. Petitioner relies on a few California district court cases in which courts found that due process does require such a pre-deprivation hearing under the Supreme Court's *Mathews* test. *See, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1031-36 (N.D. Cal. July 24, 2025). In *Mathews*, the Supreme Court stated that "identification of the specific dictates of due process" generally requires consideration of the following three factors:

> First, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*See Mathews v. Eldridge*, 4242 U.S. 319, 334-35 (1976). The Court, however, does not agree these factors weigh in favor of a conclusion that due process requires a pre-

deprivation hearing before re-detention of an alien under Section 1226(a); and it therefore follows those courts that have ruled that no such hearing is required. *See, e.g.*, *Juan A.V. v. Pittman*, 2026 WL 1893510, at *4-6 (D.N.J. June 30, 2026); *Singh v. Unknown Party*, 2026 WL 1839137, at *2-5 (D. Ariz. June 26, 2026).

The Supreme Court has stated that although aliens are entitled to due process in removal proceedings, detention is a constitutionally valid aspect of that process. *See Demore*, 538 U.S. at 523. Moreover, the Supreme Court has "firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens," as "any policy toward aliens is vitally and intricately interwoven with contemporaneous policies in regard to the conduct of foreign relations, the war power, and the maintenance of a republican form of government." *See id.* at 522 (internal quotations and citation omitted).

The first *Mathews* factor weighs in petitioner's favor because of his private interest in his liberty. As the Ninth Circuit has noted, however, the showing in petitioner's favor on this factor should not be overstated in light of the process available to that petitioner. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207-08 (9th Cir. 2022). In this case, immigration officials made a custody determination regarding petitioner within two weeks of his detention; and petitioner had the opportunity to request a bond hearing in immigration court, at which he could have presented evidence and been represented by counsel, and from which he could appeal to the Board of Immigration Appeals (BIA) and

then to a circuit court of appeals.[2] Moreover, those same procedures that are available to petitioner mitigate the risk of any erroneous deprivation, and thus the second *Mathews* factor weighs in the Government's favor here. Finally, with respect to the third *Mathews* factor, the Government has a strong interest in preventing aliens from remaining in the United States in violation of federal law, as well as an interest in making sure that aliens, if ordered removed, are in fact removed successfully. S*ee Demore*, 538 U.S. at 518, 528. Thus, "it must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *See Landon v. Plasencia*, 459 U.S. 21, 34 (1982), *quoted in Rodriguez*, 53 F.4th at 1208. Petitioner has not addressed the additional burden that would be imposed if the Government were required to provide a hearing before re-detaining any alien. The Court therefore concludes that the *Mathews* factors weigh against finding a due process violation here.

The Court also notes that the courts cited by petitioner have relied on a statement by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471 (1972), that a parolee has been given an "implicit promise" that parole will be revoked only for a violation of the terms of that parole. *See, e.g.*, *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Morrissey*, 408 U.S. at 482). *Morrissey*, however, did not involve this unique context of immigration, and the Supreme Court in *Morrissey* did not require that the process occur prior to the re-detention at any rate. *See Morrissey*, 408 U.S. at 485 (requiring a determination after the arrest).

---

[2] It does not appear that petitioner has requested such a bond hearing.

Accordingly, the Court concludes that petitioner has not shown that due process required that he receive a hearing prior to his re-detention. Moreover, even if petitioner could establish such a violation here, the Court is not persuaded that his release would be warranted, as the Court has consistently ruled that substitute process (for instance, in the form of a hearing) is the appropriate remedy for a violation involving a lack of required process – and in this case, a bond hearing is available to petitioner under the applicable statute and regulations. Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT the pending motion to appear *pro hac vice* (Doc. # 6) is hereby **denied**.

IT IS SO ORDERED.

Dated this 21st day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge